# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Nathaniel Teamer, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 6:16-cv-3339-PMD-KFM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Scott Lewis, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Kevin F. McDonald's report and recommendation ("R & R") (ECF Nos. 20 & 19). The Magistrate Judge recommends granting Respondent's summary judgment motion (ECF No. 12) and denying Petitioner's petition for relief under 28 U.S.C. § 2254 (ECF No. 1).

Magistrate Judge McDonald issued his R & R on July 25. Petitioner filed his objections to the R & R on August 7, and Respondent filed a reply on August 21. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's

agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

The Magistrate Judge recommends granting summary judgment on all seven of Petitioner's grounds for relief. Petitioner has raised objections to the R & R's analysis of grounds one, two, three, four, and six, while expressly waiving grounds five and seven. Accordingly, the Court will only address the non-waived grounds.

### I. Ground Two[1]

The Magistrate Judge concluded that ground two was not subject to federal habeas review because the question of whether the trial judge should have severed Petitioner's burglary charge from the trial of his other charges is governed by state law. As noted by the Magistrate Judge, "[g]enerally, severance is a question of state law not cognizable in federal habeas proceedings." *Zeigler v. Bush*, No. 0:14-cv-MGL-PJG, 2015 WL 3775901, at *18 (D.S.C. Sept. 22, 2015). "[A] defendant has no constitutional right to a severance unless he can make a strong showing of prejudice caused by a joint trial." *Id.* (citing *Fox v. Ward*, 200 F.3d 1286, 1292 (10th Cir. 2000)).

Petitioner contends that he was prejudiced by the trial judge's failure to sever the burglary charge because the failure effectively lowered the State's burden of proof such that the State no longer had to prove each element of each crime beyond a reasonable doubt. Petitioner further argues that he was prejudiced because the jury found him guilty on the basis of factors other than

---

1. For ease of reference, the Court addresses Petitioner's claims in the same order as the Magistrate Judge.

2

the facts of a particular crime. However, beyond that statement Petitioner has offered no evidence of prejudice. Additionally, the trial judge repeatedly emphasized in his jury instructions that the State had to prove each element of each offense beyond a reasonable doubt. The South Carolina Supreme Court rejected Petitioner's severance argument, and the Court agrees with the Magistrate Judge's conclusion that the South Carolina Supreme Court's decision meets § 2254(d)'s standards. Thus, Petitioner's objection as to ground two is overruled.

## II.     Ground Six

Petitioner's next ground for relief is that the South Carolina Supreme Court should have reviewed his claim that the PCR judge erred in finding his trial counsel was not ineffective when he failed to explore or investigate Petitioner's complaint against Donald Martin, Jr. regarding his alleged sexual assault of Erica Gray's minor daughter.[2]

Although Petitioner's ground could also have been asserted as an ineffective assistance of counsel claim, the Magistrate Judge correctly construed the ground, written by Petitioner's counsel, as a claim that the South Carolina Supreme Court should have reviewed the PCR judge's ruling. The decision of a state appellate court not to review the decision of a state PCR court only implicates state law, and "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Accordingly, Petitioner's objection to ground six is overruled.

---

2.   Petitioner was convicted of first-degree burglary of his neighbors' home. Mary Gray lived in the home with her daughter Erica, her son, Donald Martin, Jr., and Erica's minor daughter. Petitioner alleges that if his trial counsel had presented evidence that Petitioner had reported Mr. Martin's alleged sexual assault of Erica's minor daughter to DSS, trial counsel could have then argued that Donald Martin, Jr. and the Grays had motive to accuse Petitioner of committing the burglary.

**III.     Ground One**

Petitioner next asserts that trial counsel was ineffective when he failed to make a directed verdict motion on the burglary and armed robbery charges.[3] Petitioner claims that he cannot be guilty of burglary because he had permission to enter the Grays' dwelling. According to Petitioner, Mary, Erica, and Donald all informed Petitioner's PCR investigator that they no longer believed that it was Petitioner who entered their house. The Magistrate Judge thoroughly discussed this ground in his R & R, and the Court only addresses Petitioner's lone cognizable objection, which is based on the Magistrate Judge's purported failure to address two cases Petitioner cited in support of his argument.

Petitioner's objection is based on *Lee v. Clarke*, 781 F.3d 114 (4th Cir. 2015), and *Bellizia v. Florida Dep't of Corrections*, 614 F.3d 1326 (11th Cir. 2010) (per curiam). He cited both in his response in opposition to Respondent's motion for summary judgment, and he claims that the Magistrate Judge did not address them. *Lee* and *Bellizia* both stand for the proposition that a lawyer is ineffective when he or she fails to move for relief when the State has not produced enough evidence to survive a sufficiency challenge like a directed verdict. Petitioner contends that those cases support his argument that his trial counsel was ineffective for failing to move for a directed verdict because he believes the State did not present enough evidence to prove each of the elements of burglary. Petitioner's objection ignores the Magistrate Judge's conclusion that the State had put forth enough evidence demonstrating that Petitioner did not have permission to enter the Grays' dwelling. Accordingly, cases demonstrating that it was ineffective assistance not to move for a directed verdict based on insufficient evidence for a conviction are inapplicable. The Court

---

3.    It is not clear what Petitioner's objection to his armed robbery conviction is, as all of his objections relate to his burglary conviction. Having thoroughly reviewed the Magistrate Judge's R & R for clear error with regard to Petitioner's armed robbery conviction, the Court overrules Petitioner's objection as to his armed robbery conviction.

agrees with the Magistrate Judge's conclusion that Donald's testimony at trial was sufficient evidence of the unlawful entry element of South Carolina burglary to preclude a directed verdict. Thus, Petitioner's objection is overruled.

## IV. Ground Three

Petitioner next claims that his trial counsel was ineffective for failing to impeach Erica with her prior conviction for providing false information to law enforcement. Petitioner's trial counsel testified that the disposition of that charge did not appear on Erica's National Crime Information Center report, and conceded that he did not attempt to investigate it further. The PCR court determined that Petitioner's trial counsel was ineffective on this ground, but the South Carolina Supreme Court reversed because it concluded that Petitioner was not prejudiced by trial counsel's error. The Magistrate Judge, reviewing the South Carolina Supreme Court's decision under § 2254(d)'s deferential standard, concluded that the South Carolina Supreme Court's decision was not contrary to clearly established federal law. Petitioner's objection to the Magistrate Judge's conclusion is again based on the Magistrate Judge's failure to address cases Petitioner cited in his response in opposition to Respondent's motion for summary judgment. Those cases are readily distinguishable.

In the first of those cases, *Steinkuehler v. Meschner*, 176 F.3d 441 (8th Cir. 1999), the Eighth Circuit ruled that trial counsel was ineffective for failing to impeach the only witness to testify that the first-degree murder defendant was not intoxicated. *Id.* at 445. Thus, that prosecution witness's testimony dealt a significant blow to the defense's theory of intoxication, and impeaching that witness would have significantly impacted the trial. *Id.* at 445–46. Then, in *Raether v. Meisner*, 608 F. App'x 409 (7th Cir. 2015) (per curiam), the Seventh Circuit ruled that a statutory rape defendant's trial counsel was ineffective where he failed to impeach both the

victim and one of the prosecution's witnesses about conflicts between their trial testimony and their previous statements to police officers about the incident. *Id.* at 414.

Critical here is that the witness in *Steinkuehler* was the only witness who testified about the defendant's intoxication. Conversely, several witnesses testified against Petitioner in this case concerning his unlawful entry, and Petitioner's trial counsel testified that he believed that impeaching Erica would have had only a minimal impact on the trial.

*Raether*, too, is distinguishable because the defendant's trial counsel in that case could have impeached both the victim and another of the prosecution's witnesses with prior inconsistent statements contained in a police report. Here, Petitioner only asserts that his trial counsel was defective in failing to impeach Erica, rather than all of the witnesses who testified that Petitioner unlawfully entered the dwelling. Additionally, Petitioner's trial counsel had already impeached Erica with her 1997 conviction for distributing crack. Because several witnesses testified that Petitioner unlawfully entered the Martins' dwelling, including a police officer, the Court cannot conclude that impeaching one of those witnesses, who had already been impeached, with a prior conviction of lying to the police would likely have changed the outcome of the case as to that charge. The Court is mindful of the deferential standard it must apply, and cannot conclude that the Supreme Court of South Carolina unreasonably applied the facts on this ground when it concluded that Petitioner was not prejudiced by his trial counsel's failure to impeach Erica with her conviction for giving false information to the police. Thus, Petitioner's objection is overruled.

V. **Ground Four**

Finally, Petitioner objects to the trial judge's jury charge stating that "your sole objective is to simply reach the truth of the matter" and "simply give both the state and the defendant a fair and impartial trial." Five years after Petitioner's trial, the South Carolina Supreme Court stated in

6

*State v. Daniels* that trial judges should exclude such language from future jury charges because "[s]uch a charge could effectively alter the jury's perception of the burden of proof." 737 S.E.2d 473, 475 (S.C. 2012). However, the South Carolina Supreme Court nonetheless affirmed the defendant's conviction in *Daniels* in spite of the fact that a majority of that court held that the defendant's objection to the trial judge's jury charge was preserved. *Id.* at 477. The court held that jury charges must be viewed as a whole, and "'if as a whole they are free from error, any isolated portions which may be misleading do not constitute reversible error.'" *Id.* (quoting *State v. Aleksey*, 538 S.E.2d 248, 251 (S.C. 2000)). Having concluded that the charge as a whole was free from error, the South Carolina Supreme Court affirmed the defendant's conviction in spite of the improper language in the charge. *Id.* at 477–78. The Court makes the above observations in an effort to clarify that the holding of *Daniels* was that the challenged jury charge did not violate the Constitution.[4] Nonetheless, the South Carolina Supreme Court admonished trial judges not to use such language in future jury charges.

Against this backdrop, the South Carolina Supreme Court held that Petitioner's trial counsel in this case was not ineffective for failing to object to the jury instruction because it "has previously held that reasonable representation does not require trial counsel to foresee successful appellate challenges and novel questions of law." *Teamer v. State*, 786 S.E.2d 109, 115 (S.C. 2016). Petitioner does not object to this rationale, but claims that his citation to *Cage v. Louisiana*, 498 U.S. 39 (1990) (per curiam), demonstrates that his trial counsel should have objected to the jury charge at trial because *Cage*'s holding was clearly established at the time of his trial. The Magistrate Judge found *Cage* to be distinguishable, and the Court agrees.

---

4. Petitioner's response in opposition to Respondent's motion for summary judgment could be read as saying that the Court in *Daniels* reversed the trial judge based on the improper jury charge.

In *Cage*, the Supreme Court faced the question of whether the use of the words "actual substantial doubt," "grave uncertainty," and "moral certainty" in the trial judge's jury instructions defining reasonable doubt could have been interpreted by a reasonable juror as allowing a finding of guilt based on a degree of proof below reasonable doubt. The Supreme Court determined that those terms "suggest[ed] a higher degree of doubt than is required under the reasonable doubt standard," and thus reversed the Supreme Court of Louisiana's holding that the jury charge was not constitutionally defective. 498 U.S. at 41.

*Cage* is distinguishable for a number of reasons. First, the standard of review the Supreme Court used to determine whether the jury charge in *Cage* was defective—how reasonable jurors **could have** understood the charge as a whole—was overruled a year later in *Estelle v. McGuire*. 502 U.S. 62, 72 n.4 (1991). In *Estelle*, the Supreme Court reverted back to the "reasonable likelihood" standard of review the Court endorsed in *Boyde v. California*, 494 U.S. 370, 380 (1990). In *Estelle*, the Court reiterated the language in *Boyde*, holding that the appropriate standard was "'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution.'" 502 U.S. at 72 (quoting *Boyde*, 494 U.S. at 380). Due to the Supreme Court's holding that a different, and higher, standard applies to challenges of jury charges than the one used in *Cage*, the Court finds *Cage* to be distinguishable.

Second, *Cage* dealt with a jury charge that improperly defined reasonable doubt as a higher level of doubt than is actually contemplated by the Constitution. Here, the jury charge merely states that the jury is to reach the truth in the matter and to give both sides a fair and impartial trial. Although, as recognized by the South Carolina Supreme Court in *Daniels*, such a charge could be construed as diluting the burden of proof, it is markedly different than an improper definition of reasonable doubt itself. Moreover, although the trial judge began his charge with the fair and

8

impartial trial language, he proceeded to explain that the State must "prove[] [Petitioner's] guilt to your satisfaction beyond a reasonable doubt." (R., ECF No. 13-3, at 341.) The trial judge then proceeded to give a lengthy explanation of reasonable doubt. Petitioner does not take issue with the trial judge's definition of reasonable doubt, or with that portion of the charge, and any such objection would be invalid because that portion of the charge was correct. Although the South Carolina Supreme Court later admonished trial judges in *Daniels* to avoid using the language the trial judge used here, the Court nonetheless affirmed the trial judge's use of that language in a case decided five years after Petitioner's trial. Here, too, the Court is satisfied that the South Carolina Supreme Court's decision met § 2254(d)'s standards. Accordingly, Petitioner's final objection is overruled.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Petitioner's objections are **OVERRULED** and that the R & R is **ADOPTED**. Accordingly, Respondent's motion for summary judgment is **GRANTED**, and Petitioner's § 2254 application is **DISMISSED** with prejudice.[5]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 7, 2017**
**Charleston, South Carolina**

---

5. The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).